UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CR-00544 SEP |
| | ) |
| FAITH FITZPATRICK, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are defendant FAITH FITZPATRICK, represented by defense counsel, Michael Ghidina, and the United States of America (hereinafter "government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for defendant's voluntary plea of guilty to the lesser included crime of conspiracy to distribute cocaine, fentanyl, and heroin, under Count I, no further federal prosecution will be brought in this District relative to the defendant's involvement in the conspiracy to distribute cocaine, fentanyl, and heroin from May 1, 2019 to June 1, 2020 of which the government is aware at this time.

The parties also agree that the U. S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

**3. ELEMENTS:**

**a. Count I:**

As to Count I, the defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1) and 846, and admits there is a factual basis for the plea, and further fully understands that the elements of the crime are the following:

1. At a time prior to date of the indictment, the defendant and other persons reached an agreement or came to an understanding to distribute to another person cocaine, fentanyl, and heroin, controlled substances;

2. The defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

3. At the time the defendant joined in the agreement or understanding, she knew of the purpose of the agreement or understanding.

**4. FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to U.S.S.G §1B1.3:

In Spring of 2019, investigators from the Drug Enforcement Administration (DEA) uncovered a fentanyl, fentanyl analogue, and heroin distribution organization that was selling ounce to grams quantities of those drugs in the City of St. Louis. Using confidential sources and court-authorized interceptions of cellular devices, investigators purchased gram amounts of heroin/fentanyl/fentanyl analogues from Keyshia Harris. Harris was receiving those drugs from numerous sources, including Tydarryl Griffin. T. Griffin was receiving the drugs from several sources with his largest supplier being Lee Garth Sr. (Garth Sr.) in Kansas City. In December of 2019, investigators received authorization to intercept communications from Garth Sr.'s cellular telephone for 30 days.

In early December of 2019, Garth Sr. was intercepted talking to several assistants and couriers that he used to transport drugs around the State of Missouri including to the St. Louis area in the Eastern District of Missouri. Garth Sr.'s paramour, Teresa Smith, acted as Garth Sr.'s assistant and would receive directives from him about quantities and destinations for various drug shipments. Either Garth Sr. or Smith would then contact one of Garth Sr. couriers, including the defendant FAITH FITZPATRICK, and direct those couriers to make the actual deliveries to specific customers.

For example, on December 6, 2019, Garth Sr. contacted Smith and asked her to prepare a specific drug delivery and instructed Smith to contact the defendant to direct the defendant to deliver the drugs to a "Gates BBQ" in the Kansas City area. On December 7, 2019, the defendant, at Garth Sr.'s direction, delivered a quantity of drugs to an unidentified male using cellular device

(314) 773-9705 at Phillips 66 in the Kansas City area. On December 9, 2019, the defendant, at Garth Sr.'s direction, delivered a quantity of drugs, to an unidentified male using cellular device (816) 286-5568 in Columbia, Missouri. On December 9, 2019, the defendant, at Garth Sr.'s direction, delivered a quantity of drugs to Keveon Johnson at a Holiday Inn parking lot in Columbia, Missouri. In each of these transactions, the defendant would transport the package/parcel of drugs in the trunk of her vehicle. She would meet the purchaser in a parking lot and open the trunk for the purchaser. The purchaser would remove the parcel of drugs from the trunk and then she would return to Kansas City area. During some transactions, parcels of money would be placed in her trunk that she would return those parcels to Garth Sr. and/or Smith. During the defendant's travels, Garth Sr. would advise her of the location of the delivery/transaction and what to do when she arrived at that location. Garth Sr. would then pay her for her traveling expenses as well as a set fee for making the delivery for him.

The defendant admits that she transported amounts of controlled substances to include cocaine, fentanyl, and heroin from Lee Garth Sr. in Kansas City to deliver to several of Garth Str's customers throughout the State of Missouri. She further admits she knew she was delivering controlled substances, to include cocaine, fentanyl and heroin, and she willingly engaged in the behavior to earn money from Garth Sr.

The amount of controlled substances, in light of the known evidence, attributable to defendant is not subject to precise calculation. As the defendant was not privy to whether she was transporting cocaine, heroin, or fentanyl at any given time, the parties agree the defendant should be responsible for 500 grams to 2 kilograms of cocaine. Further, the evidence reflects the defendant had little understanding of the overall scope of the conspiracy and little decision-making authority or discretion. The defendant followed directions from Garth Sr. and/or Smith. The

4

defendant had little or no proprietary interest in the drug transactions themselves, and she received a modest set fee for her transportation and delivery of the controlled substances.

### 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than twenty (20) years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of at least three years.

### 6. U.S. SENTENCING GUIDELINES:  2021 MANUAL.

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

#### a. Chapter 2 Offense Conduct:

**(1) Base Offense Level:** The parties agree and recommend that the quantity of controlled substances for which defendant is accountable, including relevant conduct is 500 grams to 2 kilograms of cocaine, resulting in a base offense level of 24 pursuant to U.S.S.G §2D1.1(c)(8).

**(2) Chapter 2 Specific Offense Characteristics**: The parties recommend that the following Specific Offense Characteristics may apply:

(A.) **Safety Valve:** The parties have agreed that a two-level reduction pursuant to U.S.S.G §2D1.1(b)(18) would be appropriate if the defendant otherwise meets the criteria set forth in U.S.S.G §5C1.2. Based upon the information presently known, the parties recommend that the defendant meets the criteria set forth in U.S.S.G §5C1.2(a)(2), (3),(4), and (5). Whether the defendant meets the criteria set forth in U.S.S.G §5C1.2(a)(1), relating to the

5

defendant's criminal history, is left to the determination of the Court as stated in paragraph 6(e) herein.  **Defendant understands that she must meet all five criteria contained in U.S.S.G §5C1.2 in order to receive the two-level reduction under Section 2D1.1(b)(18).**

**b. Chapter 3 Adjustments**: The parties are unaware of any applicable Chapter 3 Adjustments, other than minor participant and acceptance of responsibility.

**(1) Minor Participant:** The parties recommend that two levels should be deducted pursuant to U.S.S.G §3B1.2(b) because the defendant was minor participant in the criminal activity.

**(2) Acceptance of Responsibility**: The parties recommend that three levels should be deducted pursuant to U.S.S.G §3E1.1(a), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty.  The parties agree that the defendant's eligibility for this deduction is based upon information presently known.  If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to U.S.S.G §3E1.1, without violating the plea agreement.

**c. Other Adjustments and Disputed Adjustments:** None.

**d. Estimated Total Offense Level:** The parties estimate the Total Offense Level is 19. If the Court elects to apply the safety valve, the Total Offense Level would be 17.

**e. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.  The

defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f. Effect of the Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

7

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions Not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the

term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 2013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution, and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g. Forfeiture:** The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement. The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets, including but not limited to those specifically identified herein, pursuant to the applicable forfeiture authorities. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant agrees not to file a claim in any forfeiture proceeding or otherwise to contest, in any manner, the forfeiture of the aforementioned property, including by a motion under Federal Rule

9

of Criminal Procedure 41(g) or under Title 18, United States Code, Section 983(e), and hereby withdraws any such pending claim, contest, objection, or other opposition to the forfeiture of the property. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives her rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the

proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful

information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

December 7, 2021  
Date

/s/ *John R. Mantovani*  
JOHN R. MANTOVANI, #50867MO  
Assistant United States Attorney

9-15-22  
Date

*Faith F.*  
FAITH FITZPATRICK  
Defendant

8-31-22  
Date

*Michael Ghidina*  
MICHAEL GHIDINA  
Attorney for Defendant

12